IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. OWENS and DONNA OWENS, | ) ) | |
| Plaintiffs, | ) ) | |
| vs | ) ) | Civil Action No. 12-1081 |
| JP MORGAN CHASE BANK and RESIDENTIAL CREDIT SOLUTIONS, | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

## I. INTRODUCTION

Presently before the Court is Plaintiffs' Motion to Amend their Complaint [ECF No. 36]. For the reasons that follow, Plaintiffs' motion is denied.

## II. BACKGROUND

Plaintiffs brought the instant action on July 31, 2012 against JPMorgan Chase and Residential Credit Solutions ("RCS") alleging that (1) RCS violated the federal Fair Debt Collection Practices Act ("FDCPA") by, *inter alia*, "falsely representing the character, amount, and legal status of the debt[,]" implicating that the failure to make payments would result in foreclosure, using false representations to collect late fees, increasing the escrow amount, and attempting to collect unauthorized fees; (2) that RCS and JPMorgan Chase violated an underlying Bankruptcy Court Order and should be found in contempt under 11 U.S.C. § 105(a); (3) that JPMorgan violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and (4) RCS and JPMorgan violated the Real Estate Settlement Procedures Act ("RESPA"). Am. Compl. [ECF No. 18] at ¶¶ 40-71.

JPMorgan moved to dismiss the complaint, to which Plaintiffs filed an Amended

Complaint on January 27, 2013. [ECF No. 18]. RCS filed a motion to dismiss Plaintiffs' Amended Complaint [ECF No. 25], which the Court granted. Specifically, Plaintiffs' RESPA claim against RCS was dismissed with prejudice, their FDCPA claim was dismissed because they "failed to adequately allege that the mortgage was in default at the time RCS obtained the servicing rights[;]" and their claim for contempt of the Bankruptcy Court's Order was dismissed because "11 U.S.C. § 105(a) does not provide a private right of actions for a violation under 11 U.S.C. § 524." Memo. Op. [ECF No. 35] at 5, 7, 8.

Plaintiffs filed the instant motion, seeking to amend their complaint a third time, and attached a copy of the proposed amended complaint. With respect to the claim under the FDCPA, Plaintiffs seek to amend their complaint to include the following:

> At the time RCS obtained servicing rights, RCS and JPMorgan Chase believed the loan was in default; At the time it obtained servicing rights, RCS acted as if the loan was in default; RCS is a "debt collector" under the Fair Debt Collection Procedures Act, 15 U.S.C. § 1692a(6) (hereinafter FDCPA) because it believed the loan was in default at the time of the servicing transfer, even though that belief was mistaken.

*See* Br. in Supp. of Mot. to Amend Compl. [ECF No. 38] at 1.[1] Plaintiffs argue that they

> have not changed their position to now state the loan was in default at the time of the servicing transfer[,] . . . [they] maintain the loan was substantially current at the time of the transfer, and instead . . . have added the additional paragraphs to provide a well-pled alternative basis for finding RCS is a debt-collector – that RCS mistakenly believed the loan was in default at the time it obtained servicing rights.

*Id*. at 3.

### III. ANALYSIS

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading "only with

---

[1] Plaintiffs failed to include page numbers on their Brief in Support, therefore the Court will refer to pagination as it appears on the docket.

the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). This Rule has been interpreted by courts to mean that "prejudice to the non-moving party is the touchstone for the denial of an amendment[,]" however, in the absence of prejudice of the non-moving party, denial of an amendment "must be based on bad faith, or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citations omitted).

"The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). Delay will become "undue when a movant has had previous opportunities to amend a complaint[,]" and in making its determination, the court must "focus on the movant's reasons for not amending sooner in analyzing the question of undue delay." *USX Corp. v. Barnhart*, 395 F.3d 161, 167-68 (3d Cir. 2004) (citations omitted). If the movant "offers no explanation for failing to amend the complaint sooner[,]" delay may become undue. *Disabled in Action of Pennsylvania v. Southeastern Pennsylvania Trans. Auth.*, 2005 WL 387587, at *2 (E.D.Pa. Feb. 15, 2005) (citing *USX Corp.*, 395 F.3d at 167).

Allowing a party to amend is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 115 (internal quotations and citations omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Allegations of the complaint must be factually grounded to move the claim from the realm of mere possibility to one that "is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under the post *Twombly/Iqbal* standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (internal quotations omitted). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211. (citations omitted).

Plaintiffs have provided **no** explanation for why they have not amended their complaint sooner. Plaintiffs have had several opportunities to amend, and have in fact already amended their complaint. The facts underlying the complaint have been known by the parties for over a year,[2] discovery has been ongoing for almost one year and is set to close in two months. Moreover, even if Plaintiffs could explain why their proposed amendment should not be denied on grounds of undue delay, amendment would be futile because the proposed amended complaint does not save the claims from dismissal under Fed. R. Civ. P. 12(b)(6). Plaintiffs add no facts to their proposed amended complaint, but rather attempt to supplement their otherwise threadbare allegations under the FDCPA "with sweeping legal buzz words and conclusions."

---

[2] *Compare* original complaint [ECF No. 1] at ¶¶ 28, 34, 39 with amended complaint [ECF No. 18] at ¶¶ 34, 59, 66 (adding no new facts but merely adding claims for damages, omitting a citation to RESPA, and adding the citation to 11 U.S.C. § 105(a)).

*Souders v. Bank of America*, 2012 WL 7009007, at *17 (M.D.Pa. Dec. 6, 2010) (dismissing FDCPA claim); s*ee also Astarita v. Soloman & Soloman, P.C.,* 2013 WL 1694807, at *2 (D.N.J. April 18, 2013) (dismissing FDCPA claim under Rule 12(b)(6) where the complaint did not include the "specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt"). Accordingly, Plaintiffs' motion to amend their complaint is denied.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' motion to amend their complaint [ECF No. 36] is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. OWENS and DONNA OWENS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs | ) ) | Civil Action No. 12-1081 |
| JP MORGAN CHASE BANK and RESIDENTIAL CREDIT SOLUTIONS, | ) ) ) | |
| Defendants. | ) | |

# **O R D E R**

AND NOW, this 2nd day of July, 2013, after consideration of Plaintiffs' Motion to Amend their Complaint [ECF No. 36],

IT IS HEREBY ORDERED that said motion is DENIED.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: All counsel of record via CM/ECF